```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/21/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
MICAH SALISBURY,                                :
                                                :
                           Plaintiff,           :
                                                :     13-CV-2805 (VEC) (MHD)
              -against-                         :
                                                :     ORDER
CAROLYN W. COLVIN, Acting Commissioner          :
of Social Security,                             :
                                                :
                           Defendant.           :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On due consideration, after review of Magistrate Judge Dolinger's Report and Recommendation dated September 1, 2015 (the "R&R"), there being no objections, the R&R is approved and adopted.

In reviewing final decisions of the Social Security Administration ("SSA"), courts "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264-65 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (alteration omitted)).

"In reviewing a Report & Recommendation, a district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Pabon v. Colvin*, No. 14-CV-1954(PAE)(FM), 2015 WL 5319265, at *1 (S.D.N.Y. Sept. 11, 2015) (quoting 28 U.S.C. § 636(b)(1)).  "Where neither party has made written objections to the

report, the Court may adopt the report so long as there is no clear error on the face of the record." *Sylcox v. Colvin*, No. 14-CV-2161(PAC)(HBP), 2015 WL 5439182, at *1 (S.D.N.Y. Sept. 15, 2015) (quotation marks and citation omitted).

The Court has reviewed Magistrate Judge Dolinger's thorough R&R. The R&R is an eloquent and comprehensive review of the extensive record in this case. Magistrate Judge Dolinger aptly describes a number of errors which the Commissioner must rectify on remand, including the need to take additional measures to permit Drs. Mehar and Rochman to explain their opinions, R&R at 93-95; the Administrative Law Judge ("ALJ")'s substitution of his own opinion for those of Drs. Mehar and Rochman, *id.* at 96-97; the ALJ's failure to apply the treating physician rule, *id.* at 99-104; the ALJ's mischaracterization of Dr. Rochman's specialty and willingness to discount the social workers' reports, *id.* at 104-07; the ALJ's selective assessment of the evidence, *id.* at 107-11; the ALJ's inadequate analysis of Salisbury's alleged mental health limitations, *id.* at 112-18; the ALJ's inadequate analysis of Salisbury's credibility, particularly regarding his pain and mental condition, *id.* at 119-30; the ALJ's failure to account for limitations arising from a so-called "non-severe" mental limitation when assessing Salisbury's residual functional capacity ("RFC"), *id.* at 131; and the ALJ's inadequate analysis of Salisbury's physical impediments in his RFC determination, *id.* at 134-35.

Two areas of the R&R are not clearly erroneous but benefit from additional explanation. First, the R&R notes that the ALJ did not discuss why he credited Dr. Polepalle's report almost in its entirety but rejected her conclusion as to whether Salisbury could work as a landscaper and perform housekeeping responsibilities. *Id.* at 135. Although the tension between accepting Dr. Polepalle's analysis of Salisbury's conditions but rejecting her ultimate conclusion might be explained, the ALJ did not explain it. Similarly, in the context of the ALJ's "step five" determination of whether Salisbury's limitations would preclude him from obtaining work, the

ALJ did not clarify the interplay between his Grids determination and the testimony of the vocational expert.  Although the use of both is encouraged, the ALJ must explain the role that each played in his determination.[1]

The Clerk of the Court is respectfully directed to terminate docket entries 13 and 19 and to enter judgment and terminate the case.

**SO ORDERED.**

Date:  September 19, 2015               VALERIE CAPRONI
       New York, NY                     United States District Judge

---

[1] Because of the numerous errors in assessing Salisbury's capacity and limitations, the precise analysis as to what vocations may be available to Salisbury will inevitably be different on remand; accordingly, whether the insufficient step five explanation masks an errant conclusion is irrelevant.